IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ADRIAN NAVA,** )<br>)<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)     **Case No. 13-1421-CM**<br>**CAROLYN W. COLVIN, ACTING** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>)<br>)<br>    **Defendant.** )<br>_____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Adrian Nava claims that he was unable to work from February 1, 2010 through October 31, 2011, because of the following health issues: (1) mild mental retardation; (2) immunodeficiency syndrome; (3) pneumonia; (4) asthma; and (5) obesity. In the past, plaintiff worked as a fast food worker, hand packer, stock worker laborer, bakery worker, bell ringer, and ride operator. He filed this action pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq., and Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. Under Title II, plaintiff requests disability insurance benefits. Under Title XVI, plaintiff requests supplemental security income benefits.

An Administrative Law Judge ("ALJ") found that plaintiff was not disabled in a decision dated March 27, 2013, which stands as the final decision of the Commissioner of Social Security. Plaintiff contends that the ALJ erred in a number of ways: (1) the ALJ applied the wrong legal standard in evaluating plaintiff's mental impairment and reached a decision that is not supported by substantial evidence; (2) the ALJ failed to properly evaluate the opinion of plaintiff's treating physician, Dr.

Allred; and (3) the ALJ erroneously failed to discuss statements of a third party—plaintiff's aunt. After reviewing the record, the court makes the following rulings.

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record?  (2) Did the ALJ apply the correct legal standards?  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).  The court's review is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own.  *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)).  In evaluating whether a claimant is disabled, the ALJ engages in a five-step process.  *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (identifying five-step process) (citations omitted).  The court will not repeat that process here, however, as one issue controls the court's analysis.

The controlling issue is this: Should the ALJ have considered whether plaintiff met Listing 12.05C—a "listed impairment" under the Social Security regulations that, if met, would result in plaintiff being found disabled?  *See generally* 20 C.F.R. pt. 404, subpt. P, app. no. 1.  This Listing provides, in relevant part:

> 12.05 Mental retardation:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. . . .

*Id.*  The ALJ determined that plaintiff did not meet Listing 12.02 (which concerns organic mental disorders), but did not evaluate whether plaintiff was impaired under Listing 12.05C.  Instead, the ALJ noted in a cursory manner that plaintiff did not have any "significant limitation in adaptive function" based on the evaluation of Lauren A. Cohen, Ph.D., the state agency medical consultant.  (Doc. 10 at 31.)  Presumably because the ALJ gave significant weight to Dr. Cohen's opinion, the ALJ did not mention Listing 12.05C (which requires deficits in adaptive functioning).

> In her assessment, Dr. Cohen concluded:
>
> While the claimant's full-scale IQ falls in the mildly retarded range, his adaptive functioning is higher.  He reports he is able to do all activities of daily living, has been able to obtain a driver's license, and is able to handle his own money.  He has sufficient reading and writing ability to complete his own forms.  Therefore, despite the IQ score, he really does not meet the capsule definition for the 12.05 listing and will be evaluated instead under 12.02.

(Doc 10 at 474.)

The problem with both Dr. Cohen and the ALJ's analysis is the criteria (or lack thereof) they used to evaluate adaptive functioning.   As far as the court can tell, neither of them used any of the professionally-recognized standards for evaluating adaptive functioning.  *See Barnes v. Barnhart*, 116 F. App'x 934, 942 (10th Cir. Nov. 26, 2004) (providing that deficits in adaptive functioning may be shown under criteria identified by one of four sources).  Dr. Cohen merely identified a few activities plaintiff could do, but the court cannot evaluate whether those satisfy any definition for adaptive functioning without identification of the standard that Dr. Cohen—and, by extension, the ALJ—used.

Whether plaintiff meets Listing 12.05C is an important issue.  There is evidence in the record that would support either outcome.  But it is not this court's role to make that determination in the first instance.  *See Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004); *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) (citing 42 U.S.C. § 405(b)(1)).  The ALJ must make that determination.  The court therefore finds that that the case should be remanded for further evaluation

by the ALJ.  The court need not consider plaintiff's other arguments, as they may be moot as a result of the ALJ's decision on this issue.

    **IT IS THEREFORE ORDERED** that the Commissioner's decision is reversed and remanded for further proceedings.

    Dated this 22nd day of January, 2015, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**